IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DENNIS H.,**[1]<br><br>      Plaintiff,<br><br>    v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**<br><br>      Defendant. | **Civ. No. 6:17-cv-01563-MC**<br><br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

      Plaintiff Dennis H. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding that he had unearned monthly income from a structured settlement annuity, which reduced the amount of Supplemental Security Income benefits ("SSI") he is entitled to. This Court has jurisdiction under 42 U.S.C. § 405(g).

      Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) finding that none of Plaintiff's settlement award was attributable the loss of his service animal; (2) finding that the settlement award far exceeded the cost to obtain a new service animal; and (3) failing to make a "special determination." Pl.'s Br. 1–3, ECF No. 18. Plaintiff also argues that he received ineffective assistance of counsel. *Id.* at 3. Because the ALJ erred in finding that none of

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

Plaintiff's settlement award was an excludable resource, the Commissioner's decision is REVERSED and this matter is REMANDED for recalculation of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI on March 29, 2007 and was awarded of benefits on May 30, 2007. Tr. 28. Plaintiff got a service dog named Daisy after his physician determined that it was medically necessary and a reasonable accommodation. *Id.* In 2009, Plaintiff was incarcerated for approximately one month. *Id.* Plaintiff's property manager sent Daisy to an animal shelter, which adopted Daisy out despite Plaintiff and his friend's efforts to reclaim her. *Id.*; tr. 343–44. Plaintiff filed a civil action in the Federal District Court for the District of Oregon on May 1, 2013, alleging 4th and 14th Amendment violations, unlawful arrest, delay and denial of essential medical care, denial of safe confinement conditions, Americans with Disabilities Act violations, and conversion, trespass, and trespass to chattels with respect to his service animal. Tr. 269–76. Plaintiff agreed to a $27,000 settlement in November 2011. Tr. 306–08. The settlement agreement created a structured settlement annuity to address Plaintiff's physical injuries and emotional distress or loss of consortium. Tr. 306. Plaintiff was to receive $213.72 per month beginning in January 2012 for 80 months. Tr. 28, 344.

On March 1, 2013, the Social Security Administration notified Plaintiff that his monthly annuity qualified as unearned income and would offset his monthly benefits by $213.72, less $20. Tr. 29, 344–45. Plaintiff filed a request for reconsideration on March 15, 2013, which was denied on April 22, 2013. Tr. 29. Plaintiff timely request a hearing before an ALJ and appeared before the Honorable John Michaelson by video on December 4, 2013. *Id.*; tr. 95. ALJ Michaelson determined that Plaintiff's annuity payments constituted countable unearned income

and, therefore, offset his monthly benefits by a written decision dated January 7, 2014. Tr. 35. Plaintiff sought review from the Appeals council and was denied on December 6, 2017, rendering the ALJ's decision final. Tr. 147–48, 7–13. Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)). Furthermore, "an agency's interpretation of its own regulations is 'controlling unless plainly erroneous or inconsistent with the regulation.'" *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 574 (9th Cir. 2018) (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997)).

**DISCUSSION**

Aged, blind, and disabled individuals whom the Social Security Administration determines to be eligible based on their income and resources are eligible for SSI benefits. 42 U.S.C. § 1381a. "Income is anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. § 416.1102. "Income" encompasses earned and unearned income. 42 U.S.C. § 1382a(a). Unearned income includes "[a]nnuities, pensions, and other periodic payments" and "awards," such as those one receives "as the result of a decision by a court, board of arbitration, or the like." 20 C.F.R. § 416.1121(a) and (f); *see also* 42 U.S.C. § 1382a(a)(2)(B) and (C). Certain income is excluded, including "[r]eceipts from the sale, exchange, or replacement of a resource" and "any cash or in-kind item that is provided to replace or repair a resource [] that has been lost, damaged, or stolen." 20 C.F.R. § 416.1103(c). "Resource" is defined as "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). An individual's asset or property is a resource if "the individual has the right, authority, or power to liquidate" it." 20 C.F.R. § 416.1201(a)(1). Cash that a claimant uses "to repair or replace the excluded resource" within nine months of the date it is received is considered an excluded resource. *See* 20 C.F.R. § 416.1232(a). Any cash that a claimant does not use "to repair or replace the excluded resource" within nine months will be counted as a resource starting the month after the nine-month period expires. *Id.*

Here, the ALJ found that Plaintiff's structured settlement annuity was not an excluded resource. Tr. 34. The ALJ found that Plaintiff's lawsuit was "largely based on the premise that he had been injured by [the] loss of Daisy beyond her replacement value," and even if service

animals were considered resources, the exclusion would only apply to the cost to replace the animal. *Id.* The ALJ found that Plaintiff's lawsuit included issues beyond Daisy's replacement, and the "precise sources of the claimant's damages, and what amount of his total settlement are attributable to what injuries, are not established." *Id.* The ALJ found that Plaintiff's $27,000 award far exceeded the cost to replace Daisy. *Id.* Finally, the ALJ found that the settlement terms did not limit or dictate Plaintiff's use of the benefits, and Plaintiff has not used any of the funds to replace Daisy. Tr. 34–35. The ALJ said that a service animal would be considered a resource at the hearing but did not find that Daisy was a resource in his opinion. *See* tr. 347, 351, 34. The Court assumes, *arguendo*, that Daisy was a resource.

Plaintiff concedes that not all of the settlement award was to compensate him for Daisy. *See* Pl.'s Reply 3, ECF No. 23. Plaintiff argues that the ALJ should have offset his benefits by one-third of the settlement because one of the defendants in the civil action was his landlord, Cascade Properties, LLC, whose only involvement related to Daisy. *Id.*; Pl.'s Reply 2–3; *see* tr. 271. Cascade Management and its employee Mary Rosas were terminated from the civil action on March 23, 2011, seven months before the October 24 settlement. *See H. v. Winters, et al*, 1:10-cv-03065-CL (D. Or. Oct. 26, 2011). Jackson County Animal Control Manager Colleen Macuk, Animal Control Officer Scott Evans, Animal Control personnel John/Jane Does 11–15, and Jackson County remained defendants. *See id.* The settlement agreement names Jackson County. Tr. 306. It is unclear what portion of the settlement is attributable to Plaintiff's loss of Daisy, but these defendants' involvement show that part of the settlement was intended to compensate Plaintiff for his loss. *See* tr. 34, 306–08.

The ALJ failed to cite any evidence in the record in finding that it would cost far less than $27,000 to replace Daisy. *See* tr. 34. The only evidence in the record suggests that it costs $20,000–$50,000 to train a service dog and up to $7,000 for the dog itself. Tr. 310. Plaintiff initially estimated that Daisy cost at least $50,000. *See H.*, 1:10-cv-03065-CL, Pl.'s Compl. ¶ 78, ECF No. 1. The ALJ provided no reason for discounting the value Plaintiff set forth in his Complaint or in the record and failed to develop the record further. Plaintiff now argues that it would cost $30,000-$35,000 to replace her. Pl.'s Br. 2 (citing Paws with a Cause[2]). The Court has reason to believe that Plaintiff knows the estimated cost to replace his service animal. Plaintiff also argues that because there was conflicting evidence regarding the cost of a service animal, a "special determination" was required pursuant to the agency's Program Operations Manual, GN 01010.360.[3] Pl.'s Br. 2–3; *see* Pl.'s Reply 3. This provision does not apply to ALJs. ALJs are, however, required to weigh conflicting evidence and base their decisions on the preponderance of the evidence in the record. *Key v. Heckler*, 754 F.2d 1545, 1550 (9th Cir. 1985); 20 C.F.R. § 404.929. The ALJ failed to do so here.

The ALJ also improperly emphasized that the settlement terms did not limit or dictate Plaintiff's use of the funds. *See* tr. 34–35. The regulations do not require that cash provided to replace a resource be conditional in order for it to qualify as an excluded resource. *See* 20 C.F.R. § 416.1103(c); 20 C.F.R. § 416.1232(a). Plaintiff did not, in fact, use the cash from his settlement to replace Daisy within nine months of receiving it. Tr. 35; *see* 20 C.F.R. § 416.1232(a). Plaintiff agreed to receive $213.72 per month for 80 months beginning January 2012 and, therefore, would have received the final installment in October 2018. *See* tr. 28, 344.

---

[2] This organization's homepage is available at https://www.pawswithacause.org/.
[3] This resource is available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0201010360.

6 – OPINION AND ORDER

In theory, Plaintiff would have had until July 2019 to replace Daisy before that portion of the settlement could be deemed a non-excludable resource the following month. *See* 20 C.F.R. § 416.1232(a). Yet the Social Security Administration notified Plaintiff in March 2013 that the payments would offset his monthly benefits. Tr. 29, 344–45. By then, Plaintiff would have received 15 installments at most, totaling $3,205.80, which is far less than the cost to replace Daisy by any estimation. Plaintiff never had the chance to use even a portion of his settlement award to obtain a new service animal before the Social Security Administration began deducting his annuity payments from his monthly SSI benefits.

Plaintiff also argues that he received ineffective assistance of counsel when he entered into the settlement agreement. Pl.'s Br. 3. He believed that the payments would be termed a "medical trust fund" or "qualified assignment" and would not affect his SSI benefits. *Id.* at 1–3. The Court sympathizes with Plaintiff and recognizes that a different settlement structure could have led to a different outcome. Even so, this error is not attributable to the ALJ.

The ALJ failed to point to substantial evidence in the record to support his finding that Plaintiff's structured settlement annuity was not an excluded resource. Therefore, the ALJ erred in finding that the amount of Plaintiff's monthly SSI benefits is correct based on the appropriate offsetting of Plaintiff's structured settlement annuity payments. These payments should not offset Plaintiff's monthly SSI benefits. Plaintiff should be aware, however, that any cash from the settlement that he does not use to replace Daisy within nine months of receiving the total settlement award could offset his monthly benefits the following month. *See* 20 C.F.R. § 416.1232(a).

## CONCLUSION

For these reasons, the Commissioner's final decision is REVERSED and this matter is REMANDED for recalculation of benefits in accordance with this Opinion and Order. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED this ‗19th‗ day of February, 2020.

s/Michael J. McShane
Michael J. McShane
United States District Judge